WILLIAM HALLETT *v*. THE STATE OF OHIO.

The harboring or concealing of a thief who has stolen goods and chattels of less value than thirty-five dollars, is not a crime within the meaning of section 26 of the act providing for the punishment of crimes, passed March 7, 1835 (S. & C. Stat. 401).

ERROR to the Court of Common Pleas of Athens county.

At the March term, 1876, of the court above named, the plaintiff in error was indicted, tried, and convicted under the last clause of section 26 of the act providing for the punishment of crimes, passed March 7, 1835 (S. & C. Stat.

401), for harboring and concealing thieves, knowing them to be such.

The indictment, in apt words, charges that, on the first day of January, 1876, Charles Carpenter and James Grady stole certain articles of personal property of one Wyatt Cook, of the aggregate value of $41.85, and that, on the same day, the plaintiff in error, well knowing the premises, harbored and concealed the thieves, Carpenter and Grady, in his dwelling-house in the village of Athens, in the county above named. On the trial, evidence was given by the state, tending to show that the personal goods, chattels, and money of Wyatt Cook, stolen by Carpenter and Grady, were of the value of $41.70, and by the plaintiff in error tending to show that the value thereof was less than $35.

After the evidence and arguments in the case were closed, counsel for the plaintiff in error requested the court to instruct the jury: " That under the indictment upon which the prisoner stands charged in the case, the jury must find the value of the articles stolen by Carpenter and Grady to be thirty-five dollars or more before they can find the defendant guilty under said indictment."

The court refused to so instruct the jury, to which refusal counsel for plaintiff in error then excepted.

The proceedings at the trial, the charge requested, and the instructions given to the jury by the court, to which counsel for plaintiff in error also excepted, are set out in a bill of exceptions allowed, signed, and sealed by the court, and made part of the record in the case.

The object of this proceeding is to reverse the judgment of the court of common pleas.

*W. R. Golden,* for plaintiff in error.
*De Steigner & Jewitt,* for defendant in error.

REX, J. We are of opinion that the court of common pleas erred in refusing to instruct the jury, as requested by counsel for the plaintiff in error.

The crime of which the plaintiff in error was convicted

is of the class of crimes denominated by the code of criminal procedure "felonies," to distinguish them from the class named in the same code, "misdemeanors."

The classification into crimes and offenses was first made in this state by the "act for the punishment of crimes," passed January 27, 1815 (13 Ohio L. 85), and the "act for the punishment of certain offenses therein specified," passed February 11, 1815 (13 Ohio L. 239), the former including crimes now denominated felonies, and punished capitally or by imprisonment in the penitentiary, and the latter, those now called misdemeanors, and punished by a fine or imprisonment in the county jail. Under the provisions of section 19 of the act of January 27, 1815, the stealing of goods and chattels of the value of ten dollars and upwards was punished by imprisonment in the penitentiary, not more than seven years nor less than one year; and section 33 of the same act prescribed the same penalty for receiving stolen goods of the same value, or for receiving, harboring, or secreting a thief or robber; while under the provisions of section 3 of the act of February 11 of the same year, the stealing of goods and chattels of a less value than ten dollars was punished by a fine not exceeding fifty dollars and imprisonment in the county jail not more than six months.

Although the value of the goods and chattels stolen, which under the acts named distinguished a crime from an offense, has been frequently changed by successive legislatures, yet the classification made by the acts of 1815, above cited, has been retained in all such acts, and is continued in the acts for the punishment of crimes and for the punishment of offenses now in force; and since the passage of the act of January 27, 1815, when the act of harboring or concealing a thief or robber was first made a crime in this state, it has been classed by the law-making power with crimes punishable by imprisonment in the penitentiary, and defined in and made part of the same section punishishing the crime of receiving stolen goods and chattels of a

value sufficient to constitute a larceny by imprisonment in the penitentiary.

The proposition, therefore, that the legislature, under the provisions of section 26 of the act for the punishment of crimes, passed March 7, 1835, intended to punish a person convicted of harboring or concealing a thief, who had stolen goods and chattels of a less value than thirty-five dollars, by imprisonment in the penitentiary for a term of years, when the thief, if convicted, could only be punished by a fine and imprisonment in the county jail, is not, as we think, maintainable.

The other errors assigned as grounds for the reversal of the judgment are not, in our opinion, well taken.

The judgment will be reversed, and the cause remanded to the court of common pleas for a new trial.

*Judgment reversed.*